917 So.2d 38 (2005)
ST. MARTINVILLE, L.L.C.
v.
LOUISIANA TAX COMMISSION; Lawrence Patin, in His Capacity as the Assessor for the Parish of St. Martin; & Charles A. Fusilier in His Capacity as the Sheriff & Ex-Officio Tax Collector for the Parish of St. Martin
No. 2005 CA 0457.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
*40 Christopher J. Dicharry, Linda Sarradet Akchin, Phyllis D. Sims, Baton Rouge, Counsel for Plaintiff/Appellant St. Martinville, L.L.C.
Jack K. Whitehead, Jr., Baton Rouge, Chester R. Cedars, Asst. District Attorney, Hon. Lawrence L. Patin, Assessor for Parish of St. Martin, St. Martinville, Counsel for Defendant/Appellee Louisiana Tax Commission.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
DOWNING, J.
St. Martinville, L.L.C., (St. Martinville) appeals a district court's judgment entered pursuant to judicial review that upheld a ruling of the Louisiana Tax Commission (LTC) setting the fair market valuation of certain property for ad valorem taxation purposes. Concluding that the trial court manifestly erred only in its determination of the square footage of the construction on the property at issue, we affirm in part and remand in part with instruction for the trial court to remand the matter to the LTC to re-value the property based on the correct square footage.

FACTS AND PROCEDURAL HISTORY
St. Martinville purchased a sixty-acre commercial tract that had been the site of the Fruit of the Loom/Martin Mills Manufacturing and Distribution Center in St. Martin Parish in April 2002 for $1,250,000.00 through bankruptcy liquidation. However, as of January 2003, the St. Martin Parish Assessor (Assessor) valued the property at $8,202,540.00. The Board of Review upheld the Assessor's determination of fair market value.
St. Martinville then appealed to the LTC. The LTC accepted evidence, including testimony and documentary evidence from the Assessor and a new appraisal with testimony in support thereof offered *41 by St. Martinville. Additionally, the LTC caused its own appraiser to appraise the property. After a hearing over two dates, the LTC issued a ruling upholding the Assessor's valuation and finding the property's fair market value to be $8,202,540.00, inclusive of land and improvements.
St. Martinville then filed a petition for judicial review with the 19th Judicial District Court in accordance with La. R.S. 47:1998 pursuant to the procedures set out in La. R.S. 49:964. The trial court found the fair market valuation of $8,202,540.00 to be supported by a preponderance of the evidence. It entered judgment upholding the ruling of the LTC finding the property's fair market value to be $8,202,540.00.
St. Martinville now appeals asserting three assignments of error, generally as follows:
1. The district court erred in relying on evidence of fair market value of the property on January 1, 1999 rather than January 1, 2003;
2. The district court erred in failing to recognize the fair market value set by the Assessor and sustained by the LTC is "grossly in excess of the true fair market value," contrary to the fair market value requirements of the Louisiana Constitution;
3. The district court erred in relying on evidence of fair market value that failed to meet the standards set forth in Daubert v. Merrill [Merrill] Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2nd 469 (1993).

DISCUSSION

Standard of Review
Judicial review is a multifaceted function involving several types of reviews: statutory or constitutional review, procedural review, substantive review, factual review, and fact-finding. Multi-Care, Inc. v. State, Dept. of Health & Hospitals, 00-2001, p. 3 (La.App. 1 Cir. 11/9/01), 804 So.2d 673, 674-75. The Louisiana Administrative Procedure Act, La. R.S. 49:964 G, provides that the court may reverse or modify the decision if substantial rights of the appellant were prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
The Louisiana legislature enacted Acts 1997, No. 128, § 1, effective June 12, 1997, to amend paragraph G(6) to make the trial court a fact finder who weighs the evidence and makes its own conclusions of fact by preponderance of the evidence. Multi-Care, 00-2001 at p. 4, 804 So.2d at 675. Accordingly, we "defer to the trial court's factual determinations and use a *42 manifest error standard of review where the legislature has empowered it with the function of fact finding," Id., while giving due deference to the agency's credibility determinations. La. R.S. 49:964 G(6).

Valuation Date

(Assignments of error no. 1)
In its first assignment of error, St. Martinville argues that the trial court erred as a matter of law in accepting evidence of the property's fair market value as of January 1, 1999, rather than January 1, 2003.2003 is the tax year at issue. In support of this argument, St. Martinville points to La. Const. art. VII, § 18F, which requires assessors to reappraise and value immovable property at least every four years. It also cites La. R.S. 47:1952 A, which requires assessments to be made "on the basis of the condition of things existing on the first day of January of each year." It then argues that the last general appraisal and valuation was conducted as of January 1, 1999.
We find this argument unpersuasive. First, whether or not St. Martin Parish fulfilled its constitutional duty and conducted a re-appraisal as of January 1, 2003, is not determinative. The pertinent inquiry is whether the Assessor based its assessment on the conditions existing on January 1, 2003, pursuant to the requirements of La. R.S. 47:1952.
Further, St. Martinville seems to suggest that the trial court erred in crediting the Assessor's extensive testimony regarding his methodology in arriving at a fair market value as of January 1, 2003, because the Assessor was not qualified as an expert. While it is true that the Assessor was not qualified as an expert pursuant to La. C.E. art. 702, the LTC upheld the Assessor's fair market value "as being the most determinative and applicable ... for the subject property." The trial court found this decision to be supported by the preponderance of the evidence.
Louisiana Code of Evidence art. 701 provides for the testimony of lay witnesses as follows:
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(1) Rationally based on the perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.
We conclude that the trial court did not err in crediting and considering the Assessor's testimony regarding the property's value as of January 1, 2003. First, St. Martinville made no objection to the Assessor's testimony. Rather, it elicited the entirety of the testimony. Where a party fails to object contemporaneously to objectionable testimony, he thereby waives his right to object, on appeal, to the introduction of that evidence. Trans-Global Alloy Ltd. v. First Nat. Bank of Jefferson Parish, 583 So.2d 443, 448 (La.1991).[1] It is a "well-established commonsense principle" that "[g]enerally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." Ohler v. U.S., 529 U.S. 753, 755, 120 S.Ct. 1851, 1853, 146 L.Ed.2d 826 (2000).
Second, we conclude that had St. Martinville objected to the Assessor's opinion *43 testimony, such testimony would have been admissible in that the Assessor's testimony meets both prongs of the provisions of La. C.E. art. 701. The testimony was rationally based on the witness's perceptions and the testimony was helpful to a clear understanding of his testimony and the determination of the facts at issue.
The assessor testified regarding his experience and knowledge in the performance of his duty to assess property. He is a Certified Louisiana Assessor who has worked in the St. Martin Parish Assessor's office since 1971, having conducted numerous assessments. He has completed courses in mass appraisal and maintains his continuing education in this area. His duties include assessing all parish properties on an annual basis. La. Const. art. VII, § 18D; La. R.S. 47:1952 A. He testified at length regarding his application of the three valuation methods (the cost approach, the market approach, and the income approach) in assessing the property's value as of January 1, 2003. He testified regarding his compliance with the rules and regulations of the Louisiana Tax Commission. He testified how he considered obsolescence, depreciation, the effect of NAFTA,[2] and other factors in determining a January 1, 2003 valuation.
Applying La. C.E. art. 701, the court in Louisiana Land and Exploration Co. v. Verdin, 95-2579, p. 6 (La.App. 1 Cir. 9/27/96), 681 So.2d 63, 66, found both elements of Art. 701 to be present. First, the witness's testimony was rationally based on his perception where he had fourteen years of experience and background in the field and where he personally handled similar repairs. The court then found that the witness's extensive background with the subject matter and his extensive knowledge of pertinent issues were "certainly helpful in the determination of this factual issue." Id.; see also State v. Howard, 98-0064, pp. 27-28 (La.4/23/99), 751 So.2d 783, 812-13.[3]
Accordingly, we conclude that the trial court did not err in crediting the Assessor's testimony, made pursuant to the performance of his duties as assessor, regarding the property's valuation as of January 1, 2003. His opinions were rationally based on his perception and were helpful in determination of the factual issues of this case. St. Martinville's first assignment of error is without merit.

Fair Market Value

(Assignment of error no. 2)
In arguing that the trial court failed to properly value the property for ad valorem taxation purposes, St. Martinville argues only the value found by its hired expert appraiser, $3,500,000.00. However, we find no merit in St. Martinville's argument in this regard. We have determined, above, that the trial court was not manifestly erroneous in crediting the testimony of the Assessor. And we apply the manifest error standard in deciding conflicts between expert and lay testimony. *44 See Finley v. State Farm Ins. Co., 598 So.2d 537, 541 (La.App. 1 Cir.1992).
Here, the trial court, and the LTC, accepted the Assessor's testimony that he employed methodology consistent with Louisiana law, LTC rules and regulations, and appropriate appraisal principles in valuing the property at $8,202,540.[4] The trial court committed no error in doing so.
We conclude that the trial court was not manifestly erroneous in making all but one of its factual determinations concerning the fair market value of the property, despite the contradictory testimony of St. Martinville's appraiser. In applying the manifest error standard of review, we must determine not whether the factfinder was right or wrong, but whether his finding was a reasonable one. Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). Thus, if the factfinder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the factfinder, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556. Accordingly, the trial court did not err in generally accepting the Assessor's methodology and valuation.
Even so, we agree with St. Martinville on the existence of one manifest error based on a concession by the LTC.[5] During the hearing, counsel for the St. Martin Parish Board of Review conceded the following:
For the record, ..., if evidence is presented from someone who took accurate measurements, ..., we will concede that's a matter of a rule and not opinion and we wouldn't dispute that, that would be totally unfair.
Evidence in the record undisputedly shows that St. Martinville's appraiser took accurate measurements and found the improvements on the property to have 894,147 square feet. The assessment approved by the trial court is based on an estimated 1,000,000 square feet. Both the Assessor and the LTC appraiser who testified agreed that inaccurate square footage would affect the valuation of the building.
Accordingly, finding merit in St. Martinville's argument, we will vacate the judgment only in its determination of the fair market value of the property and remand this matter to the trial court with instruction to remand to the LTC for valuation consistent with the conceded 894,147 square feet.

Daubert Standard

(Assignment of error no. 3)
St. Martinville next argues that the trial court allowed unreliable expert testimony from the Assessor after it correctly argued, as discussed above, that the Assessor had not been admitted as an expert. This testimony was not objected to and was elicited by St. Martinville.
*45 Since the Assessor's testimony is the only testimony truly at issue and since it was not introduced as expert testimony, there is no pertinent testimony to which we could apply the test for reliability as set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) or its Louisiana counterpart, State v. Foret, 628 So.2d 1116 (La.1993).[6]
Accordingly, we conclude that St. Martinville's third assignment of error is without merit.

DECREE
We affirm the judgment of the trial court in all respects except insofar as the fair market value of the property at issue is affected by the square footage of the improvements on the property. We vacate the judgment only in its determination of the fair market value of the property and remand this matter to the trial court with instruction to remand to the LTC for valuation consistent with the conceded 894,147 square feet. Costs are assessed equally between St. Martinville and the LTC in the amount of $ 504.64, each.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED WITH INSTRUCTION
NOTES
[1] See also Temple v. Liberty Mutual Ins. Co., 330 So.2d 891, 894 (La.1976) for the proposition that failure to object to prejudicial statements constitutes a waiver of the right to complain of them on appeal and Succession of Franz, 242 La. 875, 879, 139 So.2d 216, 217 (1962) for the proposition that appellate courts are without right to pass upon the admissibility of evidence which has been offered and received at trial without objection.
[2] NAFTA is an acronym for the North American Free Trade Agreement.
[3] Author's comment: The better practice would be to have the Assessor qualify and testify as an expert witness pursuant to La. C.E. art. 702 rather than as a lay witness under La. C.E. art 701, given his knowledge and experience with the subject matter. In the cases cited, and in similar jurisprudence from other circuits, the witnesses at issue apparently could have easily qualified and been accepted as experts on the subject matter of their testimony. We are starting to stretch La. C.E. art 701 beyond its legislative intent to avoid decisions based on technicalities. But the way to avoid the problem with this particular technicality is to have the witness qualify and be accepted as an expert pursuant to La. C.E. Art. 702.
[4] The record shows that the LTC had a third appraisal done by one of its staff members that valued the property at $8,809,860.00. The LTC, however, did not accept this valuation. Rather, it accepted the Assessor's valuation of $8,202,540.
[5] Although this issue was not separately assigned as error, it was addressed in brief. We address this issue pursuant to La. C.C.P. arts. 2129 and 2164 and attendant jurisprudence. See Greenfield v. Lykes Bros. S.S. Co., 02-1377, p. 4 n. 2 (La.App. 1 Cir. 5/9/03), 848 So.2d 30, 32 n. 2.
[6] We can find no authority, and neither party has presented any, by which we can consider as expert testimony any testimony from a witness who has not been qualified and accepted by the court as an expert.