DOWNING, J,
concurs and assigns reasons.
hi agree with the result and generally agree with the analysis. I write to address a misstatement regarding the applicable standard of review. In St. Martinville, L.L.C. v. Louisiana Tax Com’n, 05-0457, p. 4 (La.App. 1 Cir. 6/10/05), 917 So.2d 38, 41-42, and its predecessors, this court explained why an appellate court must give deference to a trial court’s factual findings in an administrative review pursuant to the Louisiana Administrative Procedure Act, La. R.S. 49:964, as follows:
The Louisiana legislature enacted Acts 1997, No. 128, § 1, effective June 12, 1997, to amend paragraph G(6) to make the trial court a fact finder who weighs the evidence and makes its own conclusions of fact by preponderance of the evidence. Accordingly, we “defer to the trial court’s factual determinations and use a manifest error standard of review where the legislature has empowered it with the function of fact finding,” while giving due deference to the agency’s credibility determinations. La. R.S. 49:964 G(6). (Citations omitted.)
See also Lirette v. City of Baton Rouge, 05-1929, p. 5 (La.App. 1 Cir. 10/6/06), 945 So.2d 40, 44, writ denied, 06-2659 (La.1/8/07), 948 So.2d 129.
Even so, the majority concurs with the trial court’s factual determinations. Specifically, it concluded that the district court did not err in reversing the ALJ’s decision to uphold LDHH’s ineligibility determination. I fully agree, therefore, with the result reached by the majority and with the analysis except insofar as stated here.